

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:98-CR-108(2) |
| | § | |
| MIKE SMITH, JR. | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Mike Smith, violated conditions of supervised release imposed by United States District Howell Cobb. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #155) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on August 14, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has

violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### A. Procedural History

On June 30, 1999, The Honorable Howell Cobb, United States District Judge for the Eastern District of Texas, sentenced Mr. Smith after he pled guilty to the offense of Count 1: Conspiracy to Possess With Intent to Distribute a Controlled Substance, Cocaine, a Class A felony, and Count 2, Possession With Intent to Distribute a Controlled Substance, Cocaine, a Class B felony, to be followed by eight (8) years of supervised release, with the sentences to run concurrently. The Court subsequently amended the defendant's sentence twice. First, the Court amended the sentence on July 30, 2002, to: Count 1: 235 months imprisonment and six (6) years supervised release and Count 2: 235 months imprisonment and eight (8) years supervised release, to run concurrently.

Judge Cobb has since passed away. Accordingly, on March 4, 2008, the case was reassigned to the docket of United States District Judge Marcia A. Crone.

On October 29, 2008, the Court again amended the defendant's sentence pursuant to a motion for retroactive application of Sentencing Guidelines under 18 U.S.C. § 3582. Smith's sentence was reduced to 151 months imprisonment on both counts, to run concurrently, and with the same supervision terms as imposed in the prior sentence.

On December 21, 2009, Mr. Smith completed his period of imprisonment and began service of the supervision term, at which time he was subject to the standard conditions of release, plus special conditions to include that he not commit any offense against a foreign state or nation, that he participate in drug treatment, and that he pay a $200 special assessment fee. On February 18, 2014, the Court modified Smith's conditions of supervision to include residing in the community corrections component of a community corrections center. *See Order* (doc. #153).

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall reside in and participate in the community corrections component of a community corrections center, as instructed, until successfully discharged by the center director or otherwise instructed by the probation officer, but no longer than 180 days from admission. You shall abide by all rules and regulations of the center and by required to pay subsistence.*

Specifically, on August 6, 2014, while at Leidel Halfway House, Mr. Smith was found by Leidel staff to be under the influence of, and in possession of a "K2" synthetic marijuana product.

However, after being ordered twice to hand the sample over to the Leidel staff member, Mr. Smith allegedly took the sample to a nearby restroom and flushed it. This incident resulted in his unsuccessful expulsion from the facility.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government proffered the statement of staff member J. Lewis with the Leidel halfway house. Lewis would state that on August 6, 2014, while Smith was at Leidel, Smith was observed to have a pack of K2 product in his wallet and thus in possession of marijuana. He refused to hand it over to the staff member and instead flushed it down a toilet. This incident resulted in his unsuccessful discharge from the facility.

Defendant, Mike Smith, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he was unsuccessfully discharged from the halfway house for failure to follow the rules , all in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by being unsuccessfully discharged from the halfway house. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of V and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 7 to 13 months.

*See* U.S.S.G. § 7B1.4(a). Because the original offenses of conviction were Class A and Class B felonies, the statutory maximum imprisonment term upon revocation is five (5) years. *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, according to the records submitted by the Probation Office, Mr. Smith failed to serve 80 days of court-ordered halfway house time.

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is up to three years. *See* 18 U.S.C. § 3583(h); *see also* U.S.S.G. § 7B1.3(g)(2).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Smith pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing* (doc. #163).

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **thirteen (13) months plus eighty (80) days** imprisonment, which includes the unserved halfway house time.

The Court further recommends that, upon his release from prison, the defendant be sentenced to a new term of **supervised release of six (6) months**. The new term of supervision should be subject to the following conditions:

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

"Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court."

The Court finds the special conditions originally imposed by the District Court are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke. Those special conditions are reimposed as follows:

"The defendant shall not commit any offense against a foreign state or nation.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer."

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and

recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 20th day of August, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE